ROBERT HALL

v.

RICHARD W. MILLS.

</div>

PRACTICE—AMENDMENT OF BILL OF EXCEPTIONS.—Where a bill of exceptions has been settled, signed and filed in the proper court, and the time has expired within which the same was to be filed, the judge has no power to make any change in the record in vacation. Amendments to the record under such circumstances could only be made in the court below, in term time, on notice.

APPEAL from the Circuit Court of Cass county; the Hon. CYRUS EPLER, Judge, presiding. Opinion filed December 11, 1879.

Mr. OSCAR A. DeLEUW, for appellant.

Mr. R. W. MILLS, *pro se.*

PER CURIAM. Motion by appellee for leave to file additional record.

Appellee presents with this motion a copy of the additional record proposed to be filed.

It appears from the record filed in this cause that the final judgment was rendered on the 29th day of August, 1879, and an order was entered that the bill of exceptions was to be settled and signed in vacation within fifty days. On the 18th day of October, 1879, it being the last day of the fifty, appellant presented to the judge a bill of exceptions, which was then signed and filed in the clerk's office on the 22d day of November, 1879.

In this bill of exceptions, it would seem that an affidavit

read by appellee on the hearing of the motion for a new trial was omitted.

The additional record now offered contains this affidavit. But it was not presented to or signed by the judge until the first day of December, 1879.

The bill of exceptions having been settled, signed and filed in the clerk's office, and the time having expired within which it was to be done, the judge possessed no power to make any change in the record in vacation. Amendments to the record under such circumstances could only be made in the court below in term time on notice.

For these reasons we cannot regard the paper now offered as a part of the record in this cause, and the motion for leave to file the same is refused.

See Hunt, impl'd, etc., v. Tinkham, 21 Ill. 639; Underwood v. Hossack, 40 Ill. 98; Satonstall v. Canal Com'rs, 13 Ill. 705.