## T. LYLE DICKEY
### v.
## THE TOWN OF BRUCE.

*Practice—Bill of Exceptions—Time to File—Extension of—Want of Jurisdiction—Notice.*

1. When a Judge by an order has fixed the time within which to prepare, tender and file a bill of exceptions, and the term at which it was fixed having expired and no motion for an extension of time having been made, either in vacation or at a subsequent term prior to the expiration of the time so fixed, he is without jurisdiction further to extend the time.

2. In the case presented, it is *held:* That a notice of an application for an extension of time within which to file a bill of exceptions, if given as claimed, was insufficient, no time and place for making the application having been fixed, and the notice not having been in writing.

[Opinion filed December 11, 1886.]

IN ERROR to the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding.

Mr. T. LYLE DICKEY, in person, for plaintiff in error.

The term at which the judgment in case No. 728 was rendered having ended, and the fifty days given in which to prepare and file the bill of exceptions having expired, the orders of February 12 and 17, 1885, being made *ex parte* on the application of defendant's counsel, and without the knowledge or consent of the plaintiff, were void, the court having no jurisdiction of the matter.

If the court could take jurisdiction at a subsequent term it erred in entering the orders extending the time for preparing and filing the bill of exceptions, without notice to the plaintiff or his attorneys of the time and place when the application for such extension would be made, and without the knowledge or consent of either. Hall v. Mills, 5 Ill. App. 495; Saltonstall v. Canal Commissioners, 13 Ill. 705; People v. Blades, 10 Ill. App. 17.

Messrs. MAYO & WIDMER, for defendant in error.

If the opposite party had notice of the application, the Circuit Court had jurisdiction at the January term, 1885, to extend the time granted at the December term, 1884, to the defendant, in which to prepare, tender and file a bill of exceptions.

In Wallahan v. People, 40 Ill. 102, an amended record, purporting to be an additional bill of exceptions, signed in vacation more than a year and a half after the trial of the cause, and without notice to the opposite counsel, was filed by the appellee in the Supreme Court, at the April term, 1867, and, on motion of the appellants, was stricken from the files. The court suggested that when an amendment of that kind was desired, it should be made to appear from an order entered in open court in term time, on proper notice.

At the September term, 1867, in the same case—40 Ill. 102 —an additional transcript was filed containing evidence not in the original bill of exceptions, the bill of exceptions therein certified being signed two years and four months after the trial of the cause. Appellants moved to strike the additional transcript from the files, but the court overruled the motion. See, also, Bergen v. Riggs, 40 Ill. 61; Brooks v. Bruyn, 40 Ill. 64; Myers v. Phillips, 68 Ill. 269.

WELCH, J. This cause was before this court at the May term, 1885, and was taken, but not having been decided, and judgment entered, when the plaintiff in error died, the order taking the case was set aside. The executrix having entered her appearance, the case was retaken at this term. The bill of exceptions here in controversy was a part of the record in the original cause appealed to the Supreme Court, and it would seem that court was the proper tribunal to determine whether said bill of exceptions was passed on in apt time, and properly became a part of the record. We would feel inclined to refuse to take jurisdiction of the matter were it not for the judgment of costs against plaintiff in error. As it is, we do not see how we can well avoid so doing.

On the 23d day of December, 1884, that being one of the days of the October term of the La Salle Circuit Court, plaint-

Dickey v. Town of Bruce.

iff in error, T. Lyle Dickey, recovered a judgment against the defendant in error for the sum of $2,000 and costs. On that day the defendant in error prayed an appeal to the Supreme Court, which was allowed, and fifty days given in which to prepare, tender and file a bill·of exceptions. On the 12th day of February, being one of the days of the January term of said court, and fifty-one days after the entry of the order giving fifty days in which to prepare, tender and file the bill of exceptions, the following order was made: "On this day comes the defendant, by Mayo & Widmer, its attorneys, and on its motion it is ordered by the court that the time heretofore allowed wherein to prepare, tender· and file a bill of exceptions in this case, be and the same is hereby extended ten days." And on the 17th day of February, one of· the days of the January term of said court, a similar motion for extension was made, and ten days given. On the 25th of February, one ·of the days of the said January term, T. Lyle Dickey came into court and entered a motion, and caused the same to be docketed as an independent case against the Town of Bruce, and moved the court to set aside the said orders of February 12 and 17, 1885, on the ground that there was no suit at the time said orders were made pending in said Circuit Court, in which he was plaintiff and the Town of Bruce defendant. To this motion the Town of Bruce, by its attorneys, entered its appearance. On March 3, 1885, one of the days of the said January term, the motion was heard and denied, and judgment rendered against ·the plaintiff, T. Lyle Dickey, for costs. To reverse this judgment this writ is prosecuted. All exceptions shall be taken and signed at the term they are taken, or the Judge may in an order give time in which it may be done. When the Judge by his order has fixed the time, and the term at which it was fixed having expired, and no motion having been made either in vacation or at a subsequent term prior to the expiration of the time fixed in the original order for extension of time, the Judge has no jurisdiction of the matter, the case having passed from his jurisdiction. It is, however, insisted by counsel for defendant in error that he informed Mr. Richolson, who it is claimed was the attorney

for plaintiff in error, some two or three days prior to the application on the 12th of February, that an application would be made for an extension of time in which to file bill of exceptions; that no time was named when and where the application would be made; that the attorney to whom the notice was given was present in court when the application was made; that this gave to the court jurisdiction. As to whether notice was given as claimed, there was a direct conflict, Richolson and his partner denying the same, and Mayo, attorney for defendant in error, asserting the giving of the notice; Richolson also denied that he was the attorney of plaintiff in error. We are not, in the view we take of this case, called upon to determine the question as to which of these parties credence is to be given.

Conceding the notice was given as claimed, we hold it was insufficient. No notice in writing; no time when and where the application would be made is claimed. The order as made negatives any notice to or appearance of the plaintiff in error. "On this day comes the defendant by Mayo & Widmer, its attorneys, and on its motion, it is ordered by the court, that the time heretofore allowed wherein to prepare, tender and file bill of exceptions, in this case be, and the same is hereby extended ten days," and on the 17th a similar order is made. The motion of plaintiff in error should have been allowed. Evans v. Fisher, 5 Gil. 453; Hall v. Mills, 5 Ill. App. 495; Warner v. Kelley, 5 Ill. App. 559.

For the errors herein indicated, judgment is reversed and cause remanded.

<em>Reversed and remanded.</em>