## VILLAGE OF MARSEILLES

### v.

## GEORGE HOWLAND.

*Practice—Signing Bill of Exceptions—Extension of Time for Presenting to Judge—Loss of Jurisdiction.*

Where time for presenting bill of exceptions was extended by agreement beyond time fixed by the judge, but the bill was not presented within the time as so extended, it is *held:* That the bill not having been presented to the judge within the time first fixed by him, being in vacation, he lost jurisdiction of the matter, and was powerless to again extend the time, in vacation or term time, without consent of the parties.

[Opinion filed December 18, 1889.]

APPEAL from the Circuit Court of La Salle County; the Hon. DORRANCE DIBELL, Judge, presiding.

Mr. BIRD BICKFORD, for appellant.

Messrs. BREWER & STRAWN, for appellee.

*Per Curiam.* Motion to strike the bill of exceptions from the record in the case at bar is made by the appellee and must be sustained.

The bill of exceptions in this case was ordered by the court trying the cause to be signed within a limited time in vacation. Just before such time expired the time was extended by agreement of counsel for ten days longer. The bill was not presented to the judge until such latter time had expired and the judge refused to sign it in vacation, but at the next term of court, in term time, again extended the time, against the objection of appellee, for signing the same, and signed it within such latter time fixed. By not presenting the bill of exceptions to the trial judge for his signature within the time first fixed by him, he lost jurisdiction of the matter, and was powerless to again extend the time either in term time or vacation, without the consent of appellee. We think this question has been fully put at rest by the decisions of the

Supreme Court in Hake v. Strubel, 121 Ill. 321; Haws v. People, 21 N. E. Reporter, June 15, 1889, and the Appellate Court in Dickey v. Town of Bruce, 21 Ill. App. 445. The case of Haws, *supra*, as we understand it, is in no sense different from the case of Hakes, *supra*. The act of extending the time for signing a bill of exceptions is judicial, and can not, by consent, be done in vacation, but may be, by consent, done in term time; but without consent it can not even be done in term time, for the reason that the court once having lost jurisdiction can not resume it without the submission by the parties.

The court may, however, before the time expires, in term time again extend the time for presenting the same. In this case, the time having expired prior to the term when the judge extended the time, the court lost jurisdiction and having no consent, could not extend the time. It therefore follows that the action of the court in thus extending the time was void.

The motion is sustained and the bill of exceptions is ordered to be stricken from the record.