**Regina Lassers, Defendant in Error, v. North German Lloyd Steamship Company, Plaintiff in Error.**

**Gen. No. 15,779.**

MUNICIPAL COURT—*when order fixing time for filing bill of exceptions, etc., must be entered.* An order fixing the time for the filing of the bill of exceptions or stenographic report must be entered within thirty days of the date upon which the judgment was entered.

BAKER, J., dissenting.

Error to the Municipal Court of Chicago; the Hon. JOHN R. NEWCOMER, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed October 14, 1909.

RALPH BRUCKER and CHRISTIAN C. H. ZILLMAN, for plaintiff in error.

BLUM & BLUM, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

On the 5th day of June, 1909, the Municipal Court rendered judgment upon the verdict of a jury in favor of defendant in error and against plaintiff in error for the sum of $649. On the 30th day of June, 1909, plaintiff in error sued out from this court a writ of error, which said writ of error was, on motion made in vacation of this court, made to operate as a *super-*

274 Appellate Courts of Illinois.

Lassers v. North German Lloyd Steamship Co., 150 Ill. App. 273.

*sedeas.* This is a case of the fourth class under the
Municipal Court Act. On the first day of July, 1909,
the Municipal Court of Chicago entered an order
allowing plaintiff in error until July 15, 1909, to file a
bill of exceptions. Thereafter, on the 14th day of
July, 1909, said Municipal Court entered an order
allowing an additional ten days in which to present a
stenographic report of the testimony to opposing
counsel and to the trial judge for approval. On the
21st day of July, 1909, plaintiff in error had signed
by the judge of the Municipal Court before whom the
cause was tried such stenographic report, and filed
the same on that day in the office of the clerk of the
court.

Defendant in error now moves the court to strike
said stenographic report from the record filed in this
court, upon the ground that the same was not signed
by the trial judge, or filed within the time allowed
by the statute, and that the court was without juris-
diction to enter an order extending the time for filing
such stenographic report subsequent to the lapse of
thirty days from the entry of the judgment. Upon
the striking of said stenographic report from the rec-
ord, defendant also moves that the judgment of the
Municipal Court be affirmed. This presents to us for
our interpretation paragraph 6, sec. 286, chap. 37, R.
S. That portion of such paragraph here involved is
as follows:

"Upon application made at any time within thirty
days after the entry of any final order or judgment,
or within such further time as may upon application
therefor within said thirty days, be allowed by the
court, it shall be the duty of the judge by whom such
final order or judgment was entered, to sign and place
on file in the case in which the same was entered, if
so requested by either of the parties to the suit, either
a correct statement, to be prepared by the party re-
questing the signing of the same, of the facts appear-
ing upon the trial thereof, and of all questions of law
involved in such case, and the decisions of the court

upon such questions of law; or, if such party shall so elect, a correct stenographic report of the proceedings at the trial. * * *''

We think the statute is plain and free from ambiguity, and circumscribed the power of the court to enter an order fixing the time for the filing of the bill of exceptions or stenographic report within thirty days from the date upon which the judgment is entered. In that regard the practice in the Municipal Court is different from that which obtains in the Circuit Courts of this state. While the Municipal Court has power to grant time in which to file such stenographic report or bill of exceptions beyond thirty days from the date of the entry of the judgment, the order must be entered by the court within thirty days of the entry of the judgment. To hold otherwise would nullify the meaning of the words—''or within such further time as may upon application therefor within said thirty days be allowed by the court.''

The motion, therefore, to strike the stenographic report from the record is allowed. As all the errors assigned are confined to such matters as appear in said stenographic report and do not involve the statutory record, there is nothing further before us for determination.

The judgment of the Municipal Court will therefore be and is accordingly affirmed.

*Affirmed.*

MR. JUSTICE BAKER dissents.