**R. Hasselgren & Company, Plaintiff in Error, v. T. A. Esser, Defendant in Error.**

### Gen. No. 14,747.

1. MUNICIPAL COURT—*when without jurisdiction to extend time for filing of "stenographic report".* After the lapse of thirty days from the entry of the final order appealed from, the Municipal Court loses jurisdiction to extend the time for the filing of the "stenographic report" provided for by statute for purposes of review.

2. MUNICIPAL COURT—*of what Appellate Court will take judicial notice.* Notwithstanding the writ of error proceeding is undefended, the Appellate Court will take notice, of its own motion, of jurisdictional defects in the transcript.

BAKER, J., dissenting.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. W. W. MAXWELL, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed December 6, 1909.

H. C. LUST, for plaintiff in error.

No appearance by defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

The record in this case presents no question calling for our review.

On the trial of the case before the court, without the intervention of a jury, a judgment of *nil capiat* and for costs was entered on the findings of the trial

judge May 5, 1908. This writ of error has been sued out in an effort to reverse that judgment.

On the 2nd day of June, 1908, an order was entered granting plaintiff time until July 5, 1908, in which to file a bill of exceptions. On July 1, 1908, the time for filing a bill of exceptions was by an order then entered of record extended to August 15, 1908. On August 12, 1908, a document certified by the trial judge as "a correct stenographic report of the proceedings at the trial" was signed by the judge and filed with the clerk of the Municipal Court.

This case comes under the designation of the "fourth class" by the terms of the Municipal Court Act. Paragraph 6 of section 286, chapter 37, R. S., title "Municipal Court", provides: "Upon application made at any time within thirty days after the entry of any final order or judgment, or within such further time as may upon application therefor within said thirty days, be allowed by the court, it shall be the duty of the judge by whom said final order or judgment was entered to sign and place on file in the case in which the same was entered, if so requested by either of the parties to the suit, either a correct statement, to be prepared by the party requesting the signing of the same, of the facts appearing upon the trial thereof, and of all questions of law involved in such case, and the decisions of the court upon such questions of law; or if such party shall so select, a correct stenographic report of the proceedings at the trial.   *   *   *" The court had jurisdiction to enter the order of June 2, 1908, extending the time for filing any document provided for in the section of the Municipal Court Act above quoted, but was without jurisdiction to enter any other order subsequent to thirty days after the date of the judgment, and consequently no jurisdiction to sign the stenographic report signed by the trial judge and filed with the clerk August 12, 1908. We held to this effect in Lassers v. North German Lloyd Steamship Co., 150 Ill. App. 273, in which we say: "We

think the statute is plain and free from ambiguity and circumscribed the power of the court to enter an order fixing the time for the filing of the bill of exceptions or stenographic report within thirty days from the date upon which the judgment was entered. In that regard the practice in the Municipal Court is different from that which obtains in the Circuit Courts of this State. While the Municipal Court has power to grant time in which to file such stenographic report or bill of exceptions beyond thirty days from the date of the entry of the judgment, the order must be entered by the court within thirty days of the entry of judgment. To hold otherwise would nullify the meaning of the words, 'or within such further time as may upon application therefor within said thirty days be allowed by the court.' ''

The writ of error in this case is undefended, yet the question being jurisdictional is one of which we must take judicial notice. The lack of jurisdiction appears from a reading of the record sought to be reviewed, in which, under the statute *supra*, the so-called stenographic report has no place   The assignments of error present no questions involving the integrity of the common law record. The stenographic report is therefore stricken from the record and the judgment of the Municipal Court is affirmed.

*Stenographic report stricken and judgment affirmed.*

MR. JUSTICE BAKER, dissenting.