## Bessie Hershowitz, Defendant in Error, v. The Royal Tailors, Plaintiff in Error.

### Gen. No. 14,755.

This case is controlled by the decision in Lassers v. North German Lloyd Steamship Co., 150 Ill. App. 263, and Hasselgren & Co. v. Esser, *ante*, p. 7.

BAKER, J., dissenting.

Action in case for personal injuries. Error to the Municipal Court of Chicago; the Hon. F. L. FAKE, JR., Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed December 6, 1909.

I. W. BAKER and W. G. SHOCKEY, for plaintiff in error.

No appearance by defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

We regard the record in this cause as presenting in principle substantially the same defects which led us in Lassers v. North German Lloyd Steamship Co., 150 Ill. App. 273, and Hasselgren & Company v. Esser, *ante*, p. 7, to hold that no reviewable question was presented by the records in those cases. Neither do we find in this record any question calling for our review. A judgment for $250 upon the verdict of a jury was entered May 22, 1908. On July 10, 1908, the trial judge signed what he certifies to be a "bill of exceptions", which on the next day was filed with the clerk of the court. For the purpose of this decision, as the trial judge certifies that the so-called "bill of exceptions" contains all the "evidence heard, offered or received" on the trial, we shall regard it as fulfilling the office of the "stenographic report" provided for by paragraph 6, section 23, of chapter 37, R. S., title "Municipal Court". Thereafter and on July 14, 1908, the following order was entered: "Upon reading the stipulation of the

parties herein filed, upon motion of attorney for defendant it is ordered that time for filing the bill of exceptions herein be, and it is, hereby extended to and including the 15th day of July, 1908". The only knowledge we have of the contents of the stipulation recited in the foregoing order is the recitation in regard to it. It is not found in the so-called "bill of exceptions", where it properly belongs. Neither is it found or referred to in any other part of the record. When the "bill of exceptions" was signed by the trial judge the court had lost jurisdiction to enter that or any like order, much more than thirty days having then elapsed since the entry of final judgment. So far as the order recites, it had no retroactive effect. It spoke *in futuro,* the time in which to file the document being extended to a future date. There is no suggestion that the stipulation was to sanction or validate any prior action of the court, so that the question of the power of the parties to reinvest the court with that jurisdiction over the case which it had lost, is not involved. The case therefore rests on the power of the court to sign the bill of exceptions upon the record as it stood at the time the trial judge so signed it.

In Hance v. Miller, 21 Ill. 636, the court say: "The bill of exceptions was filed in this case two months and a half after the trial was had, and there was no agreement that it might then be filed, nor was there any order of court extending the time of filing the same. This was not filed in time to render it any portion of the record. Dickhut v. Durrell, 11 Ill. 72. The assignment of error questions the correctness of the decision in admitting the evidence, and as the bill of exceptions was not filed in apt time, the judgment should be affirmed for want of a proper bill of exceptions, if for no other. The presumption being that the evidence sustains the judgment". This is, on all the points stated in that part of the opinion quoted, as nearly akin to those appearing in the case at bar as one case can reasonably be found alike to another.

Hake v. Strubel, 121 Ill. 321; Village of Marseilles v. Howland, 34 Ill. App. 350; same case affirmed in 136 Ill. 81.

In Dickey v. Town of Bruce, 21 Ill. App. 445, it was held that where the term had passed in which the court had ordered the bill of exceptions to be filed, that after the lapse of such time and the term in which such time had expired, the court was without jurisdiction to further extend the time for filing the bill of exceptions. So in the case at bar, by analogy, the jurisdiction of the Municipal Court to sign the so-called bill of exceptions found in the record ceased thirty days after the entry of the final judgment order.

As no assignment of error challenges the integrity of the common law record, the so-called bill of exceptions is stricken from the record and the judgment of the Municipal Court is affirmed.

*Affirmed.*

Mr. Justice Baker, dissenting.