Newport et al v. McPherson et al., 203 Ill. App. 208.

J. R. Newport and Earl L. Cook, copartners, trading as J. R. Newport Lumber Company, for use of Newport Lumber Company, Defendants in Error, v. John J. McPherson and Ralph T. McPherson, copartners, trading as McPherson Brothers. J. O. Nesson Lumber Company, Plaintiff in Error.

## Gen. No. 22,482.

1. ATTACHMENT, § 2*—*how proceedings for must be complied with.* Attachment proceedings are purely statutory, and the statutory provisions must be at least substantially complied with in order that such remedy may be availed of.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim must be filed.* A statement of claim in an attachment action must be filed within three days after the commencement of the action in order that the court may have jurisdiction to further proceed.

3. MUNICIPAL COURT OF CHICAGO, § 13*—*when time for filing statement of claim may not be extended.* The time for filing a statement of claim in an attachment action may not be extended after the lapse of a three-day period from the commencement of the action.

4. GARNISHMENT, § 13*—*what proceedings may be attacked and reviewed.* While mere irregularities in garnishment proceedings are not open to attack where the jurisdiction of the court to enter judgment against the defendant and the garnishee is involved, antecedent proceedings may be attacked and reviewed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Newport et al v. McPherson et al., 203 Ill. App. 208.

Error to the Municipal Court of Chicago; the Hon. JOHN STELK, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded with directions. Opinion filed January 8, 1917.

ADAMS, CREWS, BOBB & WESCOTT, for plaintiff in error.

SOBOROFF & NEWMAN, for defendants in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The judgment in this record against the garnishee is sought to be reversed on a writ of error sued out by the garnishee.

Many errors are both assigned and argued, but in the conclusion to which we have come it will be unnecessary to notice any error except the one challenging the jurisdiction of the court to enter the judgment against the garnishee.

The judgment, it is contended, is invulnerable to attack as the trial court had jurisdiction of the defendants and the garnishee, the provisions of the attachment statute regulating the time when declarations shall be filed being operative in the Municipal Court. In this contention we are unable to accord our assent for reasons hereinafter to be stated.

We will briefly state the order of events in this case chronologically.

The suit is attachment, the grounds for which are stated to be the nonresidence of defendants. The affidavit setting forth the facts relied upon to maintain the attachment was filed December 31, 1913. On the same day a writ of attachment was issued and returned by the sheriff that the defendants were not found in his county and that appellant had been served as garnishee.

On January 20, 1914, an order was entered allowing

plaintiff to file its statement of claim and interrogatories to garnishee instanter and they were filed in pursuance of that order.

On March 13, 1914, defendants in the attachment suit were defaulted for failure to appear, and a judgment entered against them for $1,831.71. On June 16, 1914, the garnishee filed its answer denying any indebtedness to defendants.

On December 17, 1914, trial was entered upon before the trial judge and on January 18, 1915, judgment was entered against the garnishee for the same amount as the judgment theretofore entered against defendants. February 10, 1915, garnishee entered a motion to vacate the judgment, which on February 16, 1915, was overruled. The order so overruling the motion was entered *nunc pro tunc* as of January 18, 1915, and an appeal prayed and allowed to this court.

Attachment proceedings are purely statutory and are in their nature drastic. To take advantage of such an extraordinary remedy the statutory provisions must be in their essence at least substantially complied with. Such compliance must appear from the record; no presumptions not deducible from matters appearing of record can be indulged. A case of affirmative compliance with the statute must appear from the record; less will not suffice.

In the present condition of the Municipal Court Act and the rules of the Municipal Court made in pursuance of that act, the provisions of the attachment statute regulating the time in which a declaration must be filed have no application.

This case is of the first class in the Municipal Court. But for the rules of the Municipal Court hereinafter referred to, which are properly before us for interpretation, the attachment statute would be applicable in that court so far as the time for filing a declaration is concerned. But the rule abolishes the

necessity of a declaration and provides that in its stead a statement of claim shall be filed. Section 28 of the Municipal Court Act (J. & A. ¶ 3340) reads:

"That, until otherwise provided by the rules of the Municipal Court, cases of the first class mentioned in section two (2) of this act shall be commenced and prosecuted in said Municipal Court in the same manner in which similar suits and proceedings are required to be commenced and prosecuted in the circuit courts, except as is herein otherwise prescribed, and excepting also in the following particulars:    *    *    *."

The seventh clause of said section 28 reads:

"The plaintiff shall file his declaration within three days after the commencement of the suit, in default whereof the suit shall be dismissed unless the court by an order entered in said suit shall extend the time for filing such declaration."

By rule of the Municipal Court it is provided that "In all cases of the first class instituted in this court on and after April 1, 1910, the pleadings shall be the same as in cases of the fourth class, and they may be amended in the same manner. In first-class cases the plaintiff shall file, in lieu of the declaration now provided for in the act and within the time allowed for the filing of such declaration, a statement of claim which shall consist    *    *    *," etc..

Plaintiff filed a statement of claim and not a declaration. This was in accord with the directions of the Municipal Court Act and the rule of the Municipal Court above recited. In so doing, plaintiff recognized the fact that they were not proceeding under the attachment statute but under the Municipal Court Act and the rules of that court. We think that the time of the filing of the statement of the claim is jurisdictional, and, if filed within the three days prescribed by the Municipal Court Act and its rules, vests that court with jurisdiction to further proceed, and that a failure to so file the statement of claim robs the court of

further jurisdiction except to dismiss the suit. The order granting leave to file statement of claim, entered twenty days after the attachment suit was commenced and seventeen days after the time for filing had expired, was a void order, entered without jurisdiction, and of no binding force or effect. The court had no power, by implication or otherwise, to extend the time after the lapse of three days. By analogy, the decisions that in the extension of time to file bonds on appeal and bills of exception, to be effective, such orders must be entered within the time prescribed by statute, are equally persuasive and binding as to the extension of the time in which to file statements of claim. *Hill v. City of Chicago,* 218 Ill. 178; *Lassers v. North German Lloyd Steamship Co.,* 150 Ill. App. 273, affirmed in 244 Ill. 570. It follows that the court being without jurisdiction to order the declaration filed when it did, all proceedings subsequently had, including the judgment against defendants and the garnishee, were nullities and void.

It is contended that the garnishee is impotent to attack any of the proceedings anterior to the judgment against it or the judgment against defendants. In a limited sense, this may be true. Mere irregularities in the proceedings against the defendants are not open to attack, but where the jurisdiction of the court to enter the order appealed from is involved, antecedent proceedings may be attacked and reviewed. The foundation upon which a judgment against a garnishee rests must be sufficiently secure to support it, otherwise it will fall.

In *Kirk v. Elmer H. Dearth Agency,* 171 Ill. 207, it is held that in order to pronounce judgment against the garnishee in an attachment suit, the court must have jurisdiction to render judgment against the attachment defendant, as the judgment against the defendant is the basis of the one against the garnishee,

and also that a garnishee may inquire into the validity of all the antecedent proceedings claimed to vest the court with jurisdiction to enter judgment against the attachment defendant. To a similar effect is *Iroquois Furnace Co. v. Wilkin Mfg. Co.*, 181 Ill. 582.

The judgments against the attachment debtor and the garnishee are void for want of jurisdiction in the Municipal Court to pronounce either of them.

The judgment against the garnishee in this writ of error is reversed and the Municipal Court is directed to enter an order discharging plaintiff in error as garnishee.

*Reversed and remanded with directions.*