McCormick v. McCormick, 243 Ill. App. 55.

## Madeline McCormick, Appellee, v. James M. McCormick, Appellant.

## Gen. No. 31,026.

1. COURTS—*conflict of jurisdiction.* The superior court, having acquired jurisdiction of defendant in a divorce proceeding, had authority to order payment of the alimony to its clerk and to adjudge the defendant in contempt for nonpayment although he had already paid part of the money deposited therefor on garnishment judgments under order of the municipal court, unwarranted because its jurisdiction was acquired after that of the superior court.

2. INJUNCTION—*restraint of legal proceedings.* Suits commenced in the municipal court to garnish money payable as alimony under a prior order of the superior court should have been enjoined by the superior court upon defendant's request.

3. JUDGMENT—*validity though erroneous.* With jurisdiction of parties and subject matter acquired, the municipal court could enter a judgment which might be erroneous as declaring alimony garnishable but which was not therefor void.

4. GARNISHMENT—*payment by garnishee on erroneous judgment.* Payment by a garnishee of a judgment will protect him to that extent against a subsequent suit brought by the nominal garnishment plaintiff though the judgment is erroneous and he does not appeal therefrom.

5. GARNISHMENT—*payment by garnishee on void judgment.* Payment by a garnishee of the judgment will not relieve him against future judgments of the nominal garnishee plaintiff if the original judgment is void.

6. GARNISHMENT—*payment in case of conflicting judgments.* Payment by a garnishee of the judgment in municipal court did not relieve him from paying the same debt again in the superior court on alimony judgment rendered under prior jurisdiction to that of the municipal court.

7. JUDGMENT—*restraint of collection in case of conflict of jurisdiction.* Before payment of garnishment judgment, a bill will lie in chancery to restrain its collection in case the defendant was required to pay for the same debt by order for alimony in a divorce suit of prior jurisdiction to the garnishment suit.

Appeal by defendant from the Superior Court of Cook county; the HON. JOSEPH SABATH, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1926. Affirmed. Opinion filed December 29, 1926. Rehearing denied January 12, 1926.

EDWIN D. LAWLOR, for appellant.

LEE E. DANIELS, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal the defendant, James M. McCormick, seeks to reverse an order of the superior court of Cook county directing that he be committed to the common jail of Cook county for contempt of court for failure to pay complainant $500 alimony as decreed.

The record discloses that on the 20th of January, 1925, a decree of divorce was entered in favor of the complainant and against the defendant by the superior court of Cook county. The decree adjudged that the defendant pay to the complainant as and for her alimony $100 upon the signing of the decree and $100 on the first of each month thereafter until the sum of $900 was paid. The defendant was also required to pay complainant $200 for her solicitor's fees. The defendant paid the instalments of alimony provided for in the decree until April 1st, and on the 27th of April, 1925, he was served with a garnishee summons in the case of Madeline McCormick, the complainant, for the use of the Crawford State Savings Bank, then pending in the municipal court of Chicago. On the 15th of May following, the defendant filed his answer, wherein he set up that he had no property belonging to the complainant, the nominal plaintiff in the municipal court, except that he was ordered to pay alimony as above stated to her by virtue of the divorce decree; that, at the time of the service of the summons upon him, there was no alimony due from him to Madeline McCormick until the first of May, 1925, when $100 would become due. It further appears from the record that the complainant, Madeline McCormick, appeared in the garnishment suit in the municipal court and resisted the efforts of the Crawford State Bank

in its endeavor to secure the alimony due from the defendant and there contended that the alimony was not subject to garnishment. The record further shows that the Crawford State Savings Bank had obtained a judgment against the complainant for $378.41, and being unable to obtain satisfaction of this, instituted the garnishment suit. On May 25, 1925, the complainant filed a sworn petition in the divorce proceedings in the superior court and set up *inter alia* the garnishment suit then pending in the municipal court. The superior court there entered an order holding that the alimony was not subject to garnishment, and it was ordered that the defendant "pay any and all moneys due or to become due" under the divorce decree to the clerk of the superior court subject to the order of the complainant. Afterwards on or about July 9, 1925, the defendant, James M. McCormick, upon notice to the Crawford State Savings Bank appeared in the divorce proceedings and moved the court that an order be entered restraining the prosecution of the garnishment suit. This motion was denied and on July 30th, the garnishment suit came on for hearing and the court there held, as a matter of law, that the alimony fixed by the divorce decree was permanent alimony and as such was subject to garnishment, and it was found that there was $600 alimony then due and unpaid. A judgment was entered for this amount, and it was ordered that $399.61, being the amount due the Crawford State Bank, be paid to the bank and the balance to the complainant, Madeline McCormick, and it was further ordered that the execution be stayed until October 1, 1925, when the last instalment of the alimony would become due and payable. James M. McCormick prayed and was allowed an appeal from the judgment of the municipal court to this court, but it was never perfected.

The record further discloses that on September 29th, the defendant, James M. McCormick, was served with another garnishee summons issued by the munic-

ipal court of Chicago in a suit brought by Madeline McCormick for the use of the Zlata Hord Building and Loan Association, which association had theretofore obtained a judgment against Madeline McCormick for $100, and being unable to collect it had instituted the garnishment proceedings. James M. McCormick filed his answer setting up the alimony due from him under the decree of divorce. Afterwards judgment was entered against the garnishee by the municipal court for $100. The defendant, James M. McCormick, paid the two judgments rendered in the municipal court. Afterwards the complainant, Madeline McCormick, filed her petition in the divorce proceedings asking that a rule be entered on James M. McCormick requiring him to show cause why he should not be attached for contempt for failure to pay the $500 which was due under the divorce decree. He answered setting up the payment of the two judgments in the two garnishment proceedings. The court held the answer insufficient and adjudged the defendant in contempt of court and it was ordered that on account of such contempt he be committed to the common jail of Cook county until he paid the $500, such commitment, however, not to exceed a period of six months. It is that order or decree of the superior court that is before us.

Counsel for both parties have misread the order or decree entered by the superior court on May 25, 1925. They both say that by that order the defendant was required to pay the $100 instalment of alimony which became due May 1, 1925, and that this was done. The record, however, discloses that the order or decree entered by the superior court provided that the defendant, James M. McCormick, "pay any and all moneys due or to become due" under the decree of divorce to the clerk of the superior court for complainant's use. In other words, the superior court ordered and decreed that the alimony fixed by the decree of divorce

should be paid in to the clerk of the superior court as the several instalments became due. The chancery court in the divorce proceeding had obtained jurisdiction of the parties and of the subject matter long before the garnishment suits were begun. It did not cease to have jurisdiction after the decree of divorce was entered, but it continued to have jurisdiction to see that the terms of the decree were complied with in reference to the payment of alimony. The superior court, therefore, having acquired jurisdiction of the matter before the garnishment suits, and having on May 25, 1925, directed that the alimony be paid into the clerk of the court, the municipal court was not warranted in thereafter requiring the defendant, James M. McCormick, to pay the alimony in satisfaction of the judgments that were entered in the garnishment suits, and the defendant, having failed to comply with the order of the superior court, was in contempt of that court and the order entered was justified.

It is unfortunate that the municipal court proceeded with the garnishment cases. Those suits should have been enjoined by the superior court as requested by the defendant on July 9, 1925. A court of chancery will always enjoin the prosecution of an action at law when justice demands that it should be done.

We think, however, that we ought to say that the judgment of the municipal court was not void. That court had jurisdiction of the parties and of the subject matter, even if its judgment was erroneous in holding that alimony was garnishable, which finds support under some authorities. (1 R. C. L. 869 and 870; *Romaine v. Chauncey,* 129 N. Y. 566; *Fickel v. Granger,* 83 Ohio St. 101; *Andrews v. Whitney,* 82 Hun 123, 31 N. Y. S. 164.) But this would not render the judgment void, but only erroneous. However, whether in any circumstances alimony might be reached by garnishment we do not decide, because the question is not before us.

Payment by a garnishee of a judgment will protect him to the extent of the payment made as against any subsequent suit brought by the nominal plaintiff in the garnishment proceedings, even where the judgment is erroneous though he does not appeal from the erroneous judgment, but it will not protect him if the judgment is void. 2 Black on Judgments, § 593, p. 709; *Webster v. City of Lowell,* 2 Allen (84 Mass.) 125. But in the instant case payment will not relieve the garnishee because, as above stated, the chancery court in the divorce proceedings had obtained jurisdiction and decreed that the alimony be paid to the clerk of that court before the judgments were entered in the municipal court.

We think we also ought to say that if the defendant, James M. McCormick, had not paid the municipal court judgments, a bill would lie to restrain the collection of them, because equity will never permit one to be compelled to pay the same debt twice.

For the reasons stated, the order or decree of the superior court of Cook county is affirmed.

*Affirmed.*

TAYLOR, P. J., and THOMSON, J., concur.