## William Baering, Appellee, v. Charles Epp, Sr., on Appeal of Harry W. Rubloff, Garnishee, Appellant.

### Gen. No. 31,993.

1. CONFESSION OF JUDGMENT—*confession contrary to authority in note.* Where a note authorizes a confession of judgment any time after maturity, a judgment entered prior to the maturity is void and not merely voidable.

2. GARNISHMENT—*proceedings based on void judgment.* A garnishee cannot be held liable on a garnishment proceeding based on a void judgment.

Appeal by defendant from the Municipal Court of Chicago; the Hon. JOHN H. LYLE, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1927. Reversed. Opinion filed December 27, 1927. Rehearing denied and opinion modified January 9, 1928.

SONNENSCHEIN, BERKSON, LAUTMANN & LEVINSON, for appellant; JOSEPH A. STRUETT, of counsel.

HENRY C. FERGUSON, for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

The appellant, Rubloff, was summoned as garnishee in a proceeding where a judgment had theretofore been entered in the municipal court against Charles Epp, Sr., and in favor of William Baering.

The amended answer set up that the garnishee had no money, property, etc., belonging to Epp in his possession, and further set up Epp and one William J. Corbett had theretofore leased from him certain premises, depositing a $1,000 bond to be held by him to secure the faithful performance by the lessees of the terms and provisions of the lease. The garnishee further averred default in payment of rent by lessees and a judgment by confession against them for the amount of $1,200, together with attorney's fees of $120, that had theretofore been entered; that he also brought a suit of forcible entry and detainer against the lessees and obtained judgment against them and had re-entered the premises. The trial court was of the opinion that the garnishee was liable upon his answer and thereupon found the issues against the garnishee, assessed plaintiff's damages at the sum of $1,000 and entered judgment therefor.

The judgment creditor has not filed any brief in this court in support of the judgment entered. Many interesting points are urged by the garnishee in favor of a reversal. Of these it will be necessary to notice only one, namely, that the judgment upon which the garnishment proceedings are based is void. The judgment was entered by confession upon a note containing power of attorney. The note was dated April 22, 1926, and by its terms was payable in 90 days thereafter. It authorized the confession of judgment *at any time after maturity.* Judgment was entered on the note July 19, 1926, which was prior to the maturity of the same. That such a judgment is void, and not simply voidable, has been decided by the Supreme Court of this State in a well-considered case. *White v. Jones,* 38 Ill. 159. That proceedings in the nature of garnishment may not be brought upon a void judgment has also been definitely decided. *Newport v. McPherson,* 203 Ill. App. 208; *Pierce v. Carleton,* 12 Ill. 358; *Kirk v. Elmer H. Dearth Agency,* 171 Ill. 207; *Bux . v. Wangelin,* 216 Ill. App. 562. Moreover, on this record the garnishee was not liable in any event.

For the reasons indicated the judgment is reversed.

*Reversed.*

O'CONNOR and McSURELY, JJ., concur.