**Domicele Czesna, Plaintiff in Error, v. Lietuva Loan and Savings Association, Defendant in Error.**

**Gen. No. 33,255.**

Opinion filed May 20, 1929.

SLAKIS & SPENCE, for plaintiff in error.

OTTO H. BEUTLER, for defendant in error; CLYDE C. FISHER, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by the plaintiff below from a judgment in favor of the defendant entered upon the finding of the court. The suit was in assumpsit for the amount of a deposit made in the defendant association,

for which a certificate was issued to plaintiff and her husband Joseph jointly.

The facts are practically undisputed. On July 19, 1921, the defendant association issued to Joseph Czesna and Domicele Czesna, his wife, a certificate of matured stock to the amount and value of $1,000. The certificate represented money theretofore deposited with defendant and drew interest at the rate of 4 per cent per annum.

On November 7, 1922, Joseph Czesna deserted his wife and has ever since continuously persisted in such desertion and abandonment. On the morning of the day on which he disappeared he handed this certificate with other papers to plaintiff, stating: "These will be yours and I am going away, you won't see me any more." Shortly thereafter the plaintiff presented the certificate to the secretary of the defendant at its office and requested payment of the same to herself, saying that her husband Joseph had deserted her and the family. The secretary informed her that payment could be made only to both Joseph and herself as joint owners.

On November 15, 1922, plaintiff caused a written notice to be served on the defendant at its office, as follows:

"You and each of you are hereby notified to restrain from paying any part of the sum of One Thousand and ($1000.00) Dollars deposited with your association under certificate No. 41, Series 19, and dated 19th day of July, 1921, issued to Joseph Czesna and Domicele Czesna.

Domicele Czesna."

Plaintiff handed this paper to defendant's secretary and told him that "they should not pay that money out to anybody without me." Defendant's secretary told plaintiff that she "should file suit in court." On July 19, 1922, and January 19, 1923, the interest which

had accrued on the certificate was paid by the defendant to the plaintiff. Mr. Sturbis, the secretary of the defendant corporation, told plaintiff to get some lawyer to go to court and then she would get the money. Plaintiff told him that she had no money to hire a lawyer, and, as she says, he told her to get any kind of a lawyer and that he "will see that the money will be paid to me when I was present in court." Plaintiff then hired a lawyer named J. C. Wolon, to whom she delivered this certificate and told him that defendant wanted her to get a lawyer and that defendant would pay it only by her filing a suit in court. She testifies: "I told him that he should file that paper in court and have me there in court because the secretary of the Building Loan Association told me that I must be personally present. I handed him the certificate at that time." Plaintiff says she went to Wolon because he was a Lithuanian; that she heard he was a Lithuanian and she could speak his language.

On October 24, 1923, Wolon caused a judgment by confession to be entered in the municipal court of Chicago in favor of Kazimer Kmittek and against Joseph and Domicele Czesna upon a note alleged to have been made by them. In the suit he appeared as attorney for the plaintiff; thereafter, on October 25, he caused an execution to be issued on the judgment and on October 26 he signed and delivered to the municipal court a statement in writing to the effect that he had caused a diligent search and inquiry to be made to learn if the judgment defendants had any real or personal property subject to execution and believed and stated that they had not any property in the city subject to execution and therefore a demand would be unavailing; that if the bailiff believed that nothing could be realized and in the exercise of his discretion would return the execution *nulla bona,* plaintiff Kmittek would waive damages and protect the bailiff as if the bailiff had

held the execution for 90 days. The bailiff made return as requested.

On October 24, 1923, Kasimer Kmittek filed an affidavit in the usual form asking that defendant, Lietuva Loan and Savings Association, might be summoned as garnishee. The summons issued on November 6, 1923, and was served on November 7 thereafter. On November 13, 1923, the defendant corporation answered the garnishment summons orally, and the court upon said oral answer entered a judgment against the association for $1,027.30. The judgment was entered in the name of Joseph and Domicele Czesna for the use of Kazimer Kmittek. On the same day Wolon, as attorney for Kazimer Kmittek, entered a satisfaction in writing of the judgment in full of record, to which was attached his affidavit stating that he was the attorney of record for the plaintiff in whose favor the judgment was rendered and that he had authority to execute the satisfaction of judgment; that plaintiff was still alive and still the owner of the judgment. An execution thereafter issued against the defendant corporation, and while the judgment was still in full force and effect the defendant paid out the amount of the judgment rendered against it as garnishee to Joseph C. Wolon and received from him the satisfaction of judgment as attorney of record for Kazimer Kmittek, the plaintiff in that suit. At the same time the defendant corporation received from Wolon the certificate of matured stock which was marked paid. Wolon did not pay any part of the amount so received to the plaintiff Domicele Czesna but apparently has absconded. Plaintiff being unable to locate Wolon, again applied to the defendant for payment and was advised by one of the officers of the defendant corporation that the moneys due under the certificate had been paid in court.

She then retained another attorney who learned from one of defendant's officers that the money repre-

sented by the certificate had been paid in garnishment proceedings; that a judgment by confession had been entered in favor of the plaintiff therein and against defendants. The note upon which said confession of judgment was based was exhibited to plaintiff, Domicele Czesna, who claimed that the signatures, which were both by the mark "X," were the forged signatures of herself and her husband.

On March 13, 1924, the attorney for plaintiff in behalf of herself and her husband presented a motion to set aside the judgment by confession entered in the municipal court on October 24, 1923. In her petition she stated that the judgment was obtained without notice of any kind to Joseph Czesna and herself, defendants; that she had first received information of the proceedings on March 3, 1924; that the defendants had a good and meritorious defense in that neither of them had ever signed the note sued on or authorized any one to sign the note, or any note, for them or either of them; that defendants never saw the note sued on; that neither defendant ever at any time received any consideration whatsoever or anything of value for said note or on account thereof; that the same did not represent any indebtedness of any kind by either defendant to anyone; and that the names and signatures on the note were not the names and signatures of the defendants. On July 8, 1925, upon the hearing of said motion, it was ordered by the court that the judgment by confession of October 24, 1923, should be vacated and set aside.

Upon the foregoing facts the trial court was of the opinion that the rule of law that where one of two innocent parties must suffer through the wrongful act of a third party, the loss must fall on him who by his conduct put it in the power of the third party to cause the injury, was applicable and, applying that rule, made a finding for the defendant and entered judgment for costs against the plaintiff.

Plaintiff contends that defendant as garnishee was bound to disclose all matters that would have prevented judgment against it, and that it was its duty when garnisheed to notify the plaintiff of the pendency of the garnishment suit in order that she might defend and protect her interest in the fund. *Gorham v. Massillon Iron & Steel Co.*, 209 Ill. App. 606; 12 Ruling Case Law, p. 832; Corpus Juris, vol. 28, par. 361, p. 264; par. 626, p. 398; par. 627, pp. 399, 400.

She further contends that the judgment entered upon the forged note is void; that the court was therefore without jurisdiction and that payment by the garnishee would not protect it, citing with other cases, *Mulligan v. Alsen*, 222 Ill. App. 615; *McCormick v. McCormick*, 243 Ill. App. 55, and *Baering v. Epp*, 247 Ill. App. 51.

These legal propositions are not questioned by defendant, but it insists that the same are not applicable; that Wolon was the authorized agent and attorney for the plaintiff at the time the money was paid to him, and that since he had authority to receive his client's money, defendant would be protected by payment to him although he appropriated the money to his own use and absconded.

There is no doubt of the general rule that a client is bound by the acts of his attorney within the apparent scope of his authority to the same extent that a principal is bound by the acts of his agent; and this is the sum and substance of the cases cited by the defendant. *Ruckman v. Alwood*, 44 Ill. 183; *Custer v. Agnew*, 83 Ill. 194; *Monacelli v. Traeger*, 239 Ill. App. 30; *Fish v. Bloodworth*, 36 Okla. 586, 129 Pac. 32; *Johnston v. Horowitz*, 139 N. Y. App. Div. 800, 124 N. Y. Supp. 689; *Burstein v. Sullivan*, 134 N. Y. App. Div. 623.

The evidence does not establish the authority of Wolon to bring the proceeding which he brought. He

was authorized to sue defendant if necessary and, if possible, to obtain a judgment against it for the amount due under the certificate, but he was not authorized to bring a suit in the name of Czesna for the use of Kmittek. Much less did he have the right to make use of a forged note in connection with such proceeding. There is no doubt of the general rule that where one of two innocent parties must bear the loss it should fall upon the one who by his conduct put it in the power of a third party to cause the injury. The basis of that rule is, of course, an estoppel. It is not applicable to this record as we view it, for the reason, as we think, that upon the uncontradicted evidence defendant cannot be held to be an innocent party. It knew of the inconsistent position of Wolon in bringing a suit against his own clients. It knew that plaintiff was not skilled in the language in which court proceedings were conducted, and plaintiff's evidence to the effect that defendant's secretary agreed to notify her so that she could be present when the money was paid is not contradicted. If she had been notified as agreed, the loss, it may be assumed, never would have occurred. Irrespective of this, it was the undoubted duty of defendant as garnishee to inquire into the validity of the judgment upon which the garnishment proceedings were based. Having been negligent in these respects, the rule applied by the trial court was not applicable to the facts, and the finding should have been for the plaintiff. The judgment of the trial court will therefore be reversed with a finding of facts and judgment for the plaintiff here.

*Reversed with a finding of facts and judgment here.*

O'Connor, P. J., and McSurely, J., concur.

Finding of facts. We find as facts that the plaintiff is the owner of a certificate of membership for ten shares of stock of the defendant corporation which

had matured and which is of the value of $1,000, with interest since the date of the last payment of interest thereon at the rate of 4 per cent per annum, amounting to the further sum of $253.44; that there is now due from the defendant to the plaintiff under the terms of said certificate the sum of $1,253.44, for which judgment should be entered in this court.