Frank O'Toole and Margaret A. O'Toole, Appellants, v. Helio Products, Inc., and First Commercial Bank, Appellees.

Gen. No. 47,362.

First District, Second Division.

April 1, 1958.

Rehearing denied May 20, 1958.

Released for publication May 21, 1958.

Eugene R. Ward, of Chicago, for Frank O'Toole and Margaret A. O'Toole, Appellants.

Julius J. Schwartz and Leonard Gordon, of Chicago, for appellee.

PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is an action to recover money paid out under a garnishment judgment. Helio Products, Inc., the

judgment creditor of plaintiffs, and the First Commercial Bank, the garnishee, hereinafter referred to respectively as Helio and the Bank, were the defendants. Judgment was rendered in favor of the Bank but against Helio for $1,064.10, representing the amount paid out under the garnishment proceeding plus interest, fees and costs. Plaintiffs appeal from the judgment in favor of the Bank.

Plaintiffs signed a contract form with Helio for storm windows. The form contained a judgment note with the usual authority to confess judgment. The note was blank except for the signatures of plaintiffs. It did not contain the name of the payee, the sum payable or the date made or due. Plaintiffs thereafter told Helio that they did not want the windows. Helio confessed judgment on the note for $654.10 which represented the contract price and costs. Subsequently, it brought garnishment proceedings and summons was served upon the Bank, where plaintiffs had an account. The Bank answered the summons stating it had $654.10 of plaintiffs' money on deposit. Judgment was entered on the answer for that amount and was paid by the Bank.

On motion thereafter by plaintiffs, Helio's confession judgment was vacated and set aside. Subsequently, the Bank moved to vacate the garnishment judgment and for a return of the money. This judgment was vacated, but the court declined to order Helio to return the money to the Bank. Plaintiffs then filed this suit against both Helio and the Bank.

The question is whether the garnishee Bank is protected by its payment to Helio under the garnishment proceedings.

██ Under the general rule the garnishee is not protected when he makes payment under a garnishment judgment if the original judgment against the principal debtor is void. Pine Tree Lumber Co. v.

84

Central Stock and Grain Exchange, 238 Ill. 449, 451; McCormick v. McCormick, 243 Ill. App. 55, 60; Kirk v. Elmer Dearth Agency, 171 Ill. 207, 212. Though he need not plead a defense arising from irregularities which may make the original judgment erroneous and reversible, the garnishee, nevertheless, has a duty to ". . . inquire into the validity of the judgment upon which the garnishment proceedings were based." Czesna v. Lietuva Loan & Savings Ass'n, 252 Ill. App. 612, 619. (See also Kirk v. Elmer Dearth Agency, 171 Ill. 207, 210–11.) In Weber v. Powers, 213 Ill. 370, 380–81, the court stated that it was a "settled doctrine" that the authority to confess judgment "must be clear and explicit, and must be strictly pursued; and that, if there is no power to enter the appearance of the debtor and confess the judgment, such judgment is a nullity, and binds no one, and may be attacked collaterally for want of jurisdiction. . . ." In White v. Jones, 38 Ill. 159, 163, it was held that a judgment is void where the court lacks jurisdiction over the subject matter or over the person of the defendant, and that therefore where a note is confessed before maturity the judgment is void since the attorney confessing the note had no authority to appear for the makers of the note. At page 163 the court in the Jones case stated: ". . . the authority of the attorney to enter his appearance may be contested by the defendant, and if he shows a want of authority, it defeats the jurisdiction of the court." This holding was followed in Baering v. Epp, 247 Ill. App. 51, 53, where it was pointed out that the authority for confession was "at any time after maturity."

Under the facts in this case we think the court lacked jurisdiction over plaintiffs when it entered the judgment by confession. The note is blank as to the name of the payee, the sum payable, the date made and the date on which the installment payments were to com-

mence and on which future installments were due thereafter. Without these elements we think the note is obviously void since it lacks the terms upon which a confession judgment could be "strictly pursued." Furthermore, we think that if a judgment is void where it is confessed before maturity, a fortiori, it is void where it is confessed upon a signed, blank note.

██ This note cannot be saved by reading in the terms of the contract. The general rule in construing a contract is to give effect to the intention of the parties as ascertained from the language used therein. Olson v. Rossetter, 399 Ill. 232; Freeland v. Edwards, 11 Ill.2d 395.

We think the agreement in this case clearly shows that the parties did not intend to make the provision for confession of judgment operative whether it be in connection with the note or with the contract provisions. In the first place, the clause in the note authorizing confession of judgment refers only to the blank provisions of the note since the judgment is to be entered "in favor of the payee or the holder of this note. . . ." Secondly, the agreement on its face shows a lack of intention to make the note operative. The provisions in the note are blank; the only place designated for plaintiffs' signatures was at the end of the note; and the cash deposit "with order" was not made. Furthermore we think the extent of the unfilled blank spaces in this note precludes construction. We conclude that no power of attorney was given under this agreement and therefore the judgment confessed thereon is void.

██ Prior to the return date of the summons plaintiffs were notified by the Bank of the proceedings. Because of this fact the Bank contends that plaintiffs are estopped from challenging its payment on the garnishment judgment. This contention is without merit since under the rule as stated in the Czesna case the Bank had the duty to inquire into the validity of the

86

original judgment. The Bank cannot ignore this duty and then rely on estoppel.

The Bank also contends that its only duty under the Garnishment Act (Ill. Rev. Stat., Chap. 62, Par. 1 and 16) was to file an honest answer. This contention is correct only if the judgment upon which the garnishment proceeding is based is not void. The case law cited above imposes the duty on the Bank to determine the validity of the original judgment.

We conclude that the Bank was not protected by its payment under the garnishment proceedings. We have considered all the points necessary for this decision.

For the reasons given the judgment in favor of the Bank is reversed. The Bank in this court contests only its liability and not the amount due. We assume, therefore, the amount of the judgment against Helio is the correct amount due plaintiff. Judgment for $1,064.10 is rendered here.

Reversed.

LEWE and MURPHY, JJ., concur.