**William L. SCOTT, and Lula J. Scott, individually and on behalf of all other persons similarly situated, Plaintiffs,**

**v.**

**Matthew J. DANAHER, Clerk of the Circuit Court of Cook County, on behalf of himself individually and in his official capacity, and on behalf of all others similarly situated, et al., Defendants.**

**No. 71 C 458.**

United States District Court, N. D. Illinois, E. D.

May 31, 1972.

John P. Foster and Peter Apostal, Marthe C. Purmal, Legal Aid Bureau, Chicago, Ill., for plaintiffs.

Leonard M. Cohen, and Melvin Cohen, Edward V. Hanrahan, State's Atty., Chicago, for defendants.

Before SWYGERT, Chief Judge and PARSONS and LYNCH, District Judges.

## MEMORANDUM OF DECISION

PER CURIAM.

The above cause comes before this three-judge district court for determination of whether or not the operation of Section 1 of the Illinois Garnishment Act, Ch. 62, Ill.Rev.Stat. § 33 (1969) in conjunction with judgments obtained by confession in accordance with Ch. 110, Ill.Rev.Stat. Sec. 50(3) (1969) violates the due process and equal protection clauses of the 14th Amendment of the United States Constitution. Jurisdiction of the above cause is grounded upon 28 U.S.C. Sec. 1343 and 42 U.S.C. Sec. 1983. See Lynch v. Household Finance Corp.,

405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972).

The named plaintiffs have filed suit on their own behalf and seek a declaration of this Court pursuant to Rule 23, Federal Rules of Civil Procedure, to proceed on behalf of all persons who have executed notes or other forms of indebtedness which contain a clause which authorizes the entry of judgment by confession and who are, therefore, subject to garnishment on their non-wage assets without notice.

In 1968 William L. Scott and Lula J. Scott, executed an installment sales contract and judgment note for the purchase of a vacuum cleaner from Custom King System. The contract and note contained a "cognovit" clause which purported to authorize the holder of the note to confess and enter judgment against the obligor without service of process. After the plaintiffs ceased payment on the note, the defendant here, Puritan Thrift Plan, Inc., which subsequently obtained possession of the "paper", confessed judgment against the plaintiffs in the Circuit Court of Cook County. The judgment, in accordance with the applicable state statute, was obtained without notice to the plaintiffs.

On September 25, 1970, the defendant, Puritan Thrift, on the basis of the cognovit judgment directed defendant Danaher to issue a non-wage garnishment summons against the plaintiffs' bank. The first notice plaintiffs received of the garnishment action against them occurred when their bank advised them that a garnishment summons had been served upon the bank and that the funds of their account would be "frozen" pending disposition by court order.

Subsequently plaintiffs filed the complaint in the instant cause of action seeking various forms of relief on behalf of themselves and all other persons similarly situated. The plaintiffs successfully moved that a three-judge district court be convened in accordance with 28 U.S.C. Sec. 2281 et. seq.

The crux of plaintiffs' contention is that the invocation of Section 1 of the Illinois Garnishment Act, Ch. 62, Ill. Rev.Stat. § 33 et seq. (1969) to satisfy judgments obtained by confession in accordance with Ch. 110, Ill.Rev.Stat. Sec. 50(3) (1969) violates both the due process and the equal protection clauses of the 14th Amendment. The gravamen of plaintiffs' argument is that the procedure encompassed by the Illinois garnishment procedure permits expropriation of property from a debtor without prior notice or an opportunity to be heard on the merits of the claim either at the time that judgment is confessed or at the time that the garnishment summons is issued.

For reasons set forth below we hold that the Illinois garnishment statute when invoked to satisfy a judgment obtained by confession pursuant to Ch. 110, Ill.Rev.Stat. § 50(3) violates the due process clause of the 14th Amendment because of the failure of the statute to provide a means of determining whether or not the debtor has "knowingly and voluntarily" waived his right to notice and hearing at the time that the garnishment summons issued. Accordingly, we do not reach the issues raised by defendants' equal protection argument.

A cursory sketch of the theory which supports this conclusion is as follows. The statutory plan here involves the State of Illinois in a procedure which results in the deprivation of a debtor's property. The procedural safeguards of the due process clause are thereby invoked. A fundamental principle of procedural due process mandates notice and hearing before a person may be deprived of property. The right to notice and hearing may be waived. However, where as here the rights in question flow from a constitutional base there arises a presumption against waiver which must be overcome before such waiver is valid. Failure of the statutory scheme to provide a means of judicially determining whether or not the

debtor has executed a "voluntary and understanding" waiver violates the due process clause.

It needs no extended discussion to establish that in the instant case the debtor is deprived of the use of his property. The fact that the judgment may be reopened and the property returned to the plaintiffs does not mitigate against the fact that the plaintiffs here are precluded from the use of their property for some length of time. Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L. Ed.2d 113 (1971); Osmond v. Spence, 327 F.Supp. 1349, 1356 (D.C.1971). Having established that a deprivation of property is implemented by the state statute, it becomes clear that the protection afforded by the due process clause attaches to the procedural issue.

█ A rudimentary principle of procedural due process requires that before a person may be deprived of his property he must first be notified of the proceeding instituted against him and further be provided with an opportunity to be heard on his own behalf. Boddie v. Connecticut, 401 U.S. 371, 378, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971); Sniadach v. Family Finance Corp., 395 U.S. 337, 339–340, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); Armstrong v. Manzo, 380 U.S. 545, 550, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965); Coe v. Armour Fertilizer Works, 237 U.S. 413, 422–426, 35 S.Ct. 625, 59 L.Ed. 1027 (1915).

A succinct statement of this principle is found in the case of Mullane v. Central Hanover Bank & Trust Company, where Mr. Justice Jackson, speaking for the Court, stated:

"Many controversies have raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hear-

ing appropriate to the nature of the case." 339 U.S. 306, 313, 70 S.Ct. 652, 656, 94 L.Ed. 865 (1950).

In the same opinion, at 314, 70 S.Ct. at 657, the Court further said:

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

Absent other considerations (viz. waiver), it is clear that the due process clause requires notice and hearing prior to the deprivation of a property right.

It is equally clear that the statutory scheme before this court fails to provide the fundamental safeguards of notice and hearing at two distinct stages of the proceedings. First, notice and hearing are not required by statute at the time that the confession of judgment is entered by the creditor. The pertinent provision of Ch. 110, Ill.Rev.Stat. § 50(3) (1969) provides that: "Any person for a debt bona fide due may confess judgment by himself or attorney duly authorized, without process." Secondly, the judgment creditor, having obtained judgment against the debtor without notice and without opportunity for the debtor to be heard, may then, in accordance with Sec. 1 of the Illinois Garnishment Act, Ch. 62, Ill.Rev.Stat. § 33, (1969), petition the Clerk of the Court in which the confession of judgment was entered to "issue summons against [any person having non-wage assets of the debtor in his possession] commanding him to appear before the court as garnishee . . ."

Again, upon issuance of the summons against the garnishee there is neither notice nor an opportunity to be heard afforded to the judgment debtor. An example of the result of such a statutory scheme is provided by the named plaintiffs in the instant case. The first notice that the Scotts received that a judgment had been entered against them

and that their funds had been garnisheed was provided by the Pullman Bank and Trust Company when it informed them that their account had been frozen in accordance with a Court order.

The garnishment statute at issue before this Court is derived from a former section of the Illinois Garnishment Act, Ch. 62, Ill.Rev.Stat. § 1 et seq. (1937). Provisions for the issuance of notice to the judgment debtor at the time of garnishment are absent from both the old and new statute, and they are identical for our purposes. In Zimek v. Illinois National Casualty Company, 370 Ill. 572, 19 N.E.2d 620 (1939), the predecessor garnishment provision was attacked on the grounds that its failure to provide notice to the judgment debtor of pending garnishment proceedings rendered the statute violative of the due process clause.

In that case, Mabel Fieldcamp secured a judgment against Theodore Zimek in the amount of $5,000.00 for injuries received when a vehicle driven by Zimek collided with the car in which plaintiff was a passenger. After a writ of execution was returned unsatisified, plaintiff brought garnishment proceedings against the Illinois National Casualty Company. The Cook County Superior Court entered judgment for plaintiff and the Casualty Company appealed. The Illinois Supreme Court affirmed the holding of the lower court and upheld the constitutionality of the garnishment statute. The rationale employed by the Illinois Supreme Court to uphold the constitutionality of the statute sheds considerable light on the issue before us. The Court reasoned that:

"The garnishment process is remedial in nature, designed to reach property belonging to the judgment debtor after ordinary execution has failed. [Cite] It is not a distinct and separate suit, but an additional step in the original action for judgment. [Cite]. So long as Zimek was personally served with process or entered his appearance in the damage suit, he is not entitled to notice of garnishment,

which is in aid of that suit. His knowledge of the principal action against him is sufficient warning that his adversary may be expected to take all available steps to obtain satisfaction of any judgment rendered. We, therefore, hold that the due process requirements in garnishment proceedings are satisfied by proper notice to the principal debtor of the original suit brought by the creditor." 19 N. E.2d 620, 622.

The rationale of the Zimek case (viz. that there is no due process deprivation caused by a failure to notify the judgment debtor of the garnishment proceedings because he has already had notice of the underlying judgment) follows closely the theory propounded by the United States Supreme Court in Endicott Johnson Corp. v. Encyclopedia Press, Inc., 266 U.S. 285, 45 S.Ct. 61, 69 L.Ed. 288 (1924).

At issue in the Endicott case was the constitutional validity of the New York Code of Civil Procedure section which provided for the garnishment of the assets of a judgment debtor. The statute in pertinent part provided for the issuance of a garnishment summons without notice to the judgment debtor. On appeal to the United States Supreme Court, the garnishee corporation contended, inter alia, that the relevant statutory section was in conflict with the 14th Amendment due process clause insofar as it authorized the issuance of a garnishment execution with neither notice to the judgment debtor nor an opportunity for a hearing.

The Court held that the New York Statute was not in conflict with the due process clause. In so holding the Court noted that:

"The established rules of our system of jurisprudence do not require that a defendant who has been granted an opportunity to be heard and has had his day in court, should, after a judgment has been rendered against him, have a further notice and hearing before supplemental proceedings are tak-

en to reach his property in satisfaction of the judgment." 266 U.S. 285, 288, 45 S.Ct. 61, 62, 69 L.Ed. 288 (1924).

It should be noted that there are intimations that the rule found in the *Endicott* case may become limited by future Supreme Court decisions. In Hanner v. DeMarcus, 390 U.S. 736, 88 S.Ct. 1437, 20 L.Ed.2d 270 (1968), the issue before the Supreme Court was "the propriety of overruling Endicott-Johnson Corp. v. Encyclopedia Press, *supra*." The writ of certiorari was dismissed as improvidently granted. 390 U.S. 736, 740, 88 S.Ct. 1437, 20 L.Ed.2d 270.

A lengthy dissent was filed by Mr. Justice Douglas with whom Mr. Justice Black and Chief Justice Warren concurred. Their basic position was that the rule found in *Endicott-Johnson* that notice of the underlying debt was sufficient for due process purposes should be rejected and that case overruled. In adopting this posture, the minority noted that:

"Significantly, the Court in *Endicott* did not hold that absence of any notice at all was permissible, but rather that the judgment debtor, having had his day in court and being aware of the judgment against him, is expected to know that execution may follow." 390 U.S. 736, 740, 88 S.Ct. 1437, 1440, 20 L.Ed.2d 270.

Each of these cases leads to the conclusion that a garnishment statute which lacks provision for the issuance of notice and hearing to the judgment debtor satisfies the due process requirements, albeit tenuously, solely because the debtor is on constructive notice after having received notice and an opportunity to be heard in the primary adjudication of the underlying obligation. It needs no extensive analysis to demonstrate that the *Endicott* rationale does not extend to those situations where judgment has been secured without notice or an opportunity to be heard. Thus, *Endicott* and *Zimek* indicate that where a garnishment summons is secured on the basis of an underlying cognovit judgment the debtor must, at the time of garnishment, either receive notice and an opportunity to be heard or the creditor must prove a knowing and voluntary waiver of such rights.

■■ The sole issue which must now be resolved is whether execution by the debtor of the cognovit clause amounts to an "understanding and voluntary" waiver of the debtor's right to notice and hearing. Cf. Swarb v. Lennox, 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972). It should be noted here that the constitutional right to notice and hearing may, in certain instances, be waived. Boddie v. Connecticut, 401 U.S. 371, 378–379, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). In National Equipment Rental Limited v. Szukhent, 375 U.S. 311, 84 S. Ct. 411, 11 L.Ed.2d 354, the Court noted that "it is settled . . . that parties to a contract may agree in advance to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive notice altogether." 375 U.S. 311, 315–316, 84 S.Ct. 411, 414, 1 L.Ed.2d 354.

Any discussion of alleged waiver of the right to notice and hearing must be framed against the well settled presumption against waiver of a constitutional right. Glasser v. United States, 315 U. S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Aetna Insurance Company v. Kennedy, 301 U.S. 389, 57 S.Ct. 809, 81 L.Ed. 1177 (1937); Ohio Bell Telephone Company v. Public Utilities Commission, 301 U.S. 292, 57 S.Ct. 724, 81 L.Ed. 1093 (1937).

In Brookhart v. Janis, Mr. Justice Black noted:

"The question of a waiver of a federally guaranteed constitutional right is, of course, a federal question controlled by federal law. There is a presumption against the waiver of constitutional rights, see e. g., Glasser v. United States, 315 U.S. 60, 70–71 [62 S.Ct. 457, 464–465, 86 L.Ed. 680], and for a waiver to be effective it must be

**1278**

clearly established that there was 'an intentional relinquishment or abandonment of a known right or privilege.' [Cite]." 384 U.S. 1, 4, 86 S.Ct. 1245, 1247, 16 L.Ed.2d 314 (1966).

The purpose behind the creation of this presumption against waiver of a constitutional right is accentuated by the facts of this case. The cognovit clause which is the center of the present controversy provides that:

"The undersigned Buyer or Buyers, jointly and severally, hereby authorize irrevocably any Attorney of any Court of Record to appear for the undersigned and each or any of them in such Court, in term time or vacation, after default hereon and to confess a judgment without process in favor of the holder hereof for such amount as may appear unpaid hereon, together with the costs of suit and reasonable attorneys fees and to release and waive all errors that may intervene and and [sic] consent to immediate execution thereon."

It is quite obvious that a layman of normal intelligence may have difficulty in comprehending both the meaning of the terms employed and the legal ramifications which flow from the execution of such a document. However, a determination of whether or not the purported waiver was "understanding and voluntary" is an issue which must be resolved by examining the factual circumstances of each individual case. The issue will generally turn upon several different circumstances: for example, the debtor's intelligence, state of mind, level of education and bargaining power at the time of execution.

■ The garnishment statute at issue fails to provide any means of determining whether or not the debtor's purported waiver of his right to notice and hearing at the time that the garnishment summons issues was understanding and voluntary. Such an omission amounts to a constitutional defect. The garnishment statute is fatally defective in that, by failing to provide for notice and hearing preceding issuance of the garnishment summons, there is no opportunity for a judicial determination of whether or not a particular debtor knowingly and intelligently executed the judgment note which purports to waive the debtor's 14th Amendment rights.

Therefore, this Court holds that the Illinois garnishment statute Ch. 62, Ill. Rev.Stat. § 33 when invoked to satisfy a judgment obtained by confession pursuant to Ch. 110, Ill.Rev.Stat. Sec. 50(3) violates the due process clause of the 14th Amendment.

■ The final matter for determination by this Court is whether or not plaintiffs' request for a declaration of a plaintiff and defendant class should be granted.

The instant case has proceeded on the basis of a stipulation entered into by respective counsel present at the time of oral argument. The prospective members of both potential classes have not been notified of the pendency of these proceedings and thus were not present at the hearing. Had prospective members of either class been present, it is possible that objections to the agreement between counsel may have been raised.

From this perspective, it is patently inequitable to bind potential members of either a plaintiff or defendant class to the terms of an agreement to which they are not a party.

Accordingly, this Court declines to declare the existence of either a plaintiff or defendant class.