BARBARA BLACKMORE, Plaintiff-Appellant, *v.* JASPER COUNTY COMMUNITY UNIT SCHOOL DISTRICT No. 1, Defendant-Appellee.

(No. 73-112;

Fifth District—July 23, 1974.

Robert L. Douglas, of Robinson, for appellant.

Robert F. A. Stocke, of Louisville, for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

The plaintiff, Barbara Blackmore, filed a small claim complaint in the

circuit court of Jasper County stating that the defendant, Jasper County Community Unit School District No. 1, was indebted to her in the sum of $900 and costs "for wages due to breach of contract." The cause was called for trial and at the close of plaintiff's case the defendant made a motion for a directed verdict in its favor. After arguments of counsel were heard in which plaintiff argued the application of *Fuentes v. Shevin,* 407 U.S. 67, 32 L.Ed.2d 556, 92 S.Ct. 1983, the trial court granted the motion and entered judgment for defendant. This appeal followed.

The sole issue raised on appeal is whether the "due process clause of the Constitution of the United States of America and the State of Illinois require that the Plaintiff be given a formal hearing" in which she is given "an opportunity to confront those people who are making complaints against her" before she may be discharged by her employer. The plaintiff does not allege her discharge was the result of any statutory violation by her employer. Nevertheless, plaintiff contends that she is entitled to a formal hearing before she may be discharged by her employer.

Plaintiff cites three cases (*Fuentes v. Shevin,* 407 U.S. 67, 32 L.Ed.2d 556, 92 S.Ct. 1983; *Scott v. Danaher* (N.D. Ill. 1972), 343 F. Supp. 1272, and *People ex rel. Bernat v. Bicek,* 405 Ill. 510, 91 N.E.2d 588) in support of this contention. None of the authorities cited by the plaintiff concerned the discharge of an employee. In fact, each of the cases cited concerned the constitutionality of a particular legislative act or statute and the due process requirements thereunder. Since we are not confronted with the due process requirements under a particular statute, we find the cases cited by the plaintiff of little aid in our deliberations.

Our review of the authorities reveals that no formal hearing is required by the due process clause of the Constitution of the United States of America or by the Constitution of the State of Illinois before an employee may be discharged. In *National Labor Relations Board v. Standard Coil Products Co.* (1st Cir. 1955), 224 F.2d 465, *cert. denied,* 350 U.S. 902, the court stated,

> "It is well accepted law that an employer may discharge an employee for any reason, reasonable or unreasonable, so long as it is not for a reason prohibited by the Act [National Labor Relations Act]. [Citation.]" (224 F.2d at 470.)

Similarly, in *Long v. Illinois Central R. R. Co.,* 32 Ill.App.2d 103, 105, 176 N.E.2d 812, 813, the court stated:

> "There is no common law right of the employee to employment by the railroad, but a contractual right, established by the contract between the railroad and the unions, and the employee has no right of action, except for a breach of that contract."

In 53 Am.Jur.2d *Master and Servant* § 43 (1970), the following statement is made:

> "Whether in a particular case an employer can discharge his employee without cause, and not incur liability, is a question which is to be resolved with reference to the express and implied terms of the contract." 53 Am.Jur.2d *Master and Servant* § 43.

Since this appeal is based solely on ground of a deprivation of due process we need not discuss the respective rights and obligations under the employment contract. Having determined that the plaintiff's only contention is without merit, we affirm the judgment of the circuit court of Jasper County.

Judgment affirmed.

G. MORAN, P. J., and CREBS, J., concur.