COMMUNITY THRIFT CLUB, INC., an Illinois Not-For-Profit Corporation, and Juvenal Torres, Individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

DEARBORN ACCEPTANCE CORPORATION, an Illinois Corporation; Morgan Finley, Clerk of the Circuit Court of Cook County, Individually and in his official capacity; and Richard J. Elrod, Sheriff of Cook County, Individually and in his official capacity, Defendants.

No. 78 C 514.

United States District Court,
N. D. Illinois, E. D.

Feb. 20, 1980.

Andrea J. Pfeiffer, Charles A. Linn, Legal Assistance Foundation, Chicago, Ill., for plaintiffs.

Bernard Carey, State's Atty. of Cook County, Chicago, Ill., for defendants Finley and Elrod.

Other defendant was dismissed prior to court's decision.

## MEMORANDUM DECISION

MARSHALL, District Judge.

In this suit brought pursuant to 42 U.S.C. § 1983, plaintiffs challenge the constitutionality of Ill.Rev.Stat., ch. 62, § 82, which deals with garnishment of wages following a judgment by confession. Plaintiffs compose a class of all wage earners whose wages are subject to garnishment in satisfaction of judgments entered pursuant to cognovit clauses. Plaintiffs seek declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and invoke our jurisdiction pursuant to 28 U.S.C. § 1343(3) and (4). Plaintiffs contend that the notice provided to a debtor whose wages are garnished pursuant to § 82 is insufficient under the due process and equal protection clauses of the Fourteenth Amendment. Cross motions for summary judgment are now pending.

The statute at issue here provides the means for a creditor to obtain garnishment on a judgment by confession:

A judgment by confession without service of process on the defendant shall not be the basis for seeking a deduction order, unless such judgment is confirmed after service of process by a trial de novo, as if such confession of judgment had not been obtained, except that if it appears by the return of the officer on the first summons that the employee is not found, alias summonses subsequently issued may be served upon the employee by leaving a copy thereof with the employee's employer, or leaving a copy thereof at the usual place of business of the employer with his or its superintendent, manager, cashier, general agent or clerk, pursuant to an affidavit filed by the creditor with the clerk of the court stating the identity of the employee's employer, and that the employee is actively employed at the time such alias is sought. . . .

Thus a creditor holding a judgment obtained by virtue of a cognovit clause, which waives all right to notice and hearing, is permitted to garnish the judgment debtor's wages only if the creditor confirms the judgment. Confirmation requires a trial de novo after service of process. If the debtor is not found in the first attempt at service, alias summons left with the debtor's employer may be substituted for personal service. The statute does not require the employer to notify the debtor-employee of the summons, nor does it require that a copy of the complaint underlying the confessed judgment be served with the summons. Plaintiffs challenge the constitutionality of the alias summons portion of the statute.[1]

The facts surrounding the garnishment of one class member's wages illustrate the evils plaintiffs see in the statute. Plaintiff Juvenal Torres purchased a combination

---

1. Section 50 of the Civil Practice Act, Ill.Rev. Stat., ch. 110, § 50, which involves judgments by confession, has been amended to prohibit cognovit clauses in consumer transactions. "Consumer transaction" is defined as "a sale, lease, assignment, loan, or other disposition of an item of goods, a consumer service, or an intangible to an individual for purposes that are primarily personal, family or household." Public Act No. 81–1049. The amendment applies only to contracts signed after September 24, 1979, the effective date of the act.

television-radio set from P–M Carpeting Company. The sales contract, which included a confession of judgment provision, called for payments totalling $162.54. P–M Carpeting subsequently sold the contract to Dearborn Acceptance Corporation. According to Torres, he was not informed of this transaction and continued to make his payments to P–M Carpeting Company. He alleges that he had paid the account in full by April 23, 1977. On March 1, 1977, however, Dearborn Acceptance Corporation filed suit against Torres for non-payment of the sum due under the sales contract. Judgment was confessed against him on March 4, 1977. Subsequent to this confession of judgment, and in accordance with Ill.Rev.Stat., ch. 62, § 82, the creditor, Dearborn Acceptance Corporation, made one attempt to personally serve Torres with notice of the pending trial de novo. When this summons was returned "not found," Dearborn proceeded with service of an alias summons on Revere Aluminum Building Products Corporation, Torres' employer. Revere did not give Torres notice of the confession of judgment entered against him or of the confirmation proceeding. When Torres failed to appear for the confirmation hearing on May 9, 1977, the confessed judgment was confirmed *ex parte.* Torres was not aware of any of the proceedings regarding the contract held by Dearborn until his wages were garnished.

Plaintiffs contend that the alias summons statute violates both the due process and equal protection clauses of the Fourteenth Amendment. Plaintiffs' due process argument is predicated on the rights of parties to notice and hearing before they may be deprived of property. According to plaintiffs, their right to notice is not affected by the confession of judgment clause in the sales contracts. Even if a defendant is not entitled to postjudgment notice, prior to garnishment, plaintiffs contend that the process by which a cognovit debtor's wages

are garnished in Illinois is a prejudgment garnishment. Section 71 of Ill.Rev.Stat., ch. 62, the garnishment chapter, excludes from the definition of a judgment creditor any recipient of a confessed judgment which has not been confirmed as required by § 82. Therefore, plaintiffs argue that cognovit debtors are not judgment debtors and are thus entitled to notice prior to garnishment. *See Sniadach v. Family Finance Corp.,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969).

Plaintiffs contend that for two reasons the notice provided by § 82 is not reasonably calculated to apprise debtors of the claims against them and thus is insufficient under the due process clause. First, because the statute allows service on an employer, who is not required to notify the debtor-employee, and allegedly usually does not so inform the employee, the statute does not insure that notice will reach the debtor. Second, even if the debtor receives the summons, the notice is inadequate because, unlike the rules applicable in other civil cases,[2] § 82 authorizes service on the employer of the summons without a copy of the complaint attached. Plaintiffs illustrate the importance of this omission by noting that plaintiff Torres, even if he had received the summons, would have been unable to understand the claim against him without a copy of the complaint indicating the basis of the underlying debt.

As for the alleged equal protection violation, plaintiffs argue that § 82 allows service on a cognovit debtor's employer, but that under Illinois law all other debtors are entitled to personal service. Accordingly, plaintiffs allege that § 82 discriminates against cognovit debtors with no rational basis for doing so. Although plaintiffs' equal protection contention appears to have substance, we need not and do not reach it because we find plaintiffs' due process contention compelling, and we grant plaintiffs the relief they seek on that theory.

**2.** Ill.Rev.Stat., ch. 110A, § 104 requires that a copy of the complaint in civil cases accompany the summons. Section 82 of the garnishment chapter does not excuse this requirement, but plaintiffs allege that the practice of the Cook County Sheriff and Circuit Court Clerk is to serve the summons without a copy of the complaint. Complaint ¶ 17. The answer of the Sheriff and the Clerk admits this allegation. Answer ¶ 17.

Defendants respond to plaintiffs' due process arguments by arguing that a cognovit debtor is not entitled to notice prior to the confirmation proceeding. Although the state has provided in § 82 a mechanism for allowing debtors to challenge the basis of a cognovit judgment in a trial de novo, the defendants argue that the state is not constitutionally required to do so and is therefore not required to provide notice. Contending that the validity of confessed judgments was established by *D. H. Overmyer Co., Inc. of Ohio v. Frick Co.,* 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972), defendants argue that plaintiffs are entitled only to the safeguards provided for other judgment debtors whose wages or assets are garnished. Defendants assert that such safeguards are provided by the statute here. As for plaintiffs' equal protection argument, defendants argue that plaintiffs, as cognovit debtors whose wages are garnished, receive at least a modicum of notice and may appear at the confirmation hearing, safeguards not available to other cognovit debtors whose wages are not garnished. Therefore plaintiffs are not deprived of benefits awarded to other members of a similarly situated class.

The central issue in this case is the form of notice, if any, required before wages may be garnished in satisfaction of a confessed judgment. Both plaintiffs and defendants have sought a simple route by which to answer this question. Plaintiffs contend that a judgment obtained through a cognovit clause is not a judgment for purposes of the garnishment statute until confirmed. Therefore the Illinois statute permits prejudgment garnishment, which must be preceded by notice and hearing as required by *Sniadach v. Family Finance Corp., supra.* This complete reliance on *Sniadach* is misplaced. Plaintiffs' wages are not garnished until the confessed judgment is confirmed, either after a trial de novo or ex parte if the debtor fails to appear. Thus no wages are garnished before the cognovit judgment is a valid judgment for purposes of the garnishment statute. Unless the validity of

cognovit judgments in this situation may be questioned, no prejudgment garnishment takes place.

Defendants, however, also oversimplify the issues by assuming the validity of cognovit judgments in all contexts. According to defendants, the constitutional validity of cognovit clauses remains unshaken by *Overmyer, supra,* and therefore plaintiffs are entitled only to those rights afforded to postjudgment debtors. Defendants ignore the possibility that the validity of cognovit judgments may depend on the circumstances of the case and the statutory scheme implemented to satisfy the judgment.

The constitutional challenge here is a narrow one. Plaintiffs contest only the use, without adequate notice, of the wage garnishment statute to satisfy judgments obtained through cognovit clauses. The plaintiffs therefore are not mounting a broad constitutional attack on all confession of judgment clauses. But the validity of such judgments is crucial to a resolution of the case. If the cognovit judgment and the concomitant waiver of the constitutional right to all notice and hearing are valid, regardless of how the judgment is satisfied, then the state is not required by the Constitution to provide cognovit debtors with a confirmation hearing. The state would not then violate plaintiffs' constitutional rights by failing to notify plaintiffs of the confirmation proceedings, just as it would not violate their rights by failing to notify them of the judgment by confession. Therefore, we must first determine the validity of a debtor's waiver, through a cognovit clause, of the constitutional right to notice and hearing. We must then consider the related question of whether the state must afford the cognovit debtor with an opportunity to challenge the validity of the waiver. Only then can we reach plaintiffs' claim by determining whether the invocation of the wage garnishment statute to satisfy confessed judgments affects the validity of the waiver of notice and hearing.[3]

---

**3.** Although plaintiffs have not directly challenged the validity of cognovit judgments or

insisted on the debtor's rights to challenge the waiver of notice and hearing, the resolution of

The Fourteenth Amendment protects against the deprivation of property without due process. Due process requires a hearing. Instrumental to such a hearing is notice reasonably calculated to apprise the interested party of the action. *Mullane v. Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The right to notice, however, may be waived. *National Equipment Rental Limited v. Szukhent*, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964). A party executing a cognovit clause contractually waives the right to notice and hearing.[4] In *D. H. Overmyer Co., Inc. of Ohio v. Frick Co.*, supra, the Supreme Court rejected a claim that judgments entered on the basis of cognovit clauses are per se unconstitutional. The Court applied the standard for determining the validity of waiver in criminal cases, the "intentional relinquishment of a known right or privilege," *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938),[5] but determined that the standard was satisfied. The Court based this conclusion on the fact that both parties to the contract were corporations which had equal bargaining power and which had bargained over the inclusion of the cognovit. The Court cautioned, however, that "other legal consequences may ensue" if the contract is an adhesion contract in which the parties are of unequal bargaining power and the debtor receives nothing for the cognovit. *Id.* 405 U.S. at 188, 92 S.Ct. at 783. Moreover, the Court emphasized that Overmyer, the debtor, was not rendered defenseless by its execution of the cognovit clause. Overmyer could vacate the judgment upon showing a valid defense and had actually had a postjudgment hearing.

In a companion case, *Swarb v. Lennox*, 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972), the Court affirmed a decision by a three judge district court in Pennsylvania which had held that confessed judgments were unconstitutional as to all debtors with incomes of less than $10,000. Because, however, the defendants did not appeal the district court decision, the Supreme Court did not consider whether the district court had rendered the correct decision but only whether, as plaintiffs contended, the district court had erred by not declaring all confessed judgments unconstitutional regardless of the debtor's income. Relying on *Overmyer*, the Supreme Court rejected the per se argument and affirmed the district court's limitation on the validity of cognovit clauses. Thus *Overmyer* and *Swarb* teach that cognovit clauses will not fall before a per se constitutional challenge. The cases, however, leave open the possibility that cognovit clauses may be subject to a constitutional challenge in certain types of cases or if the debtor is left defenseless.

The question of the validity of the waiver in the contracts executed by plaintiffs here is not before us. The analysis in *Overmyer* indicates that this question presents an issue of fact. As such it is not amenable to resolution on a motion for summary judgment, particularly inasmuch as the question would be different for each class member. Moreover, plaintiffs have not presented arguments or statistical evidence indicating that the members of the plaintiff class share characteristics which should render

these questions must precede consideration of plaintiffs' claim. Plaintiffs claim an unconstitutional deprivation of the right to notice. Only by determining the extent of that right and by determining to what proceedings that right attaches can we properly resolve plaintiffs' claim.

4. The confession of judgment clause in Torres' contract read:

The undersigned, jointly and severally, hereby authorize irrevocably any attorney of any Court of Record to appear for the undersigned and each or any of them, in such Court, in term time or vacation, after default hereon and confess a judgment without proc-

ess in favor of the holder hereof for such amount as may appear unpaid hereon, together with costs of suit and reasonable attorney's fees, and to release and waive all errors that may intervene and consent to immediate execution thereon.

*See* Plaintiffs' Motion for Summary Judgment, Exhibit A.

5. The Court assumed for the purposes of the *Overmyer* opinion that the criminal standard applied. Other courts have broadened this assumption into a requirement. *See, e. g., Scott v. Danaher*, 343 F.Supp. 1272 (N.D.Ill.1972).

unenforceable those cognovit clauses executed by class members. *See Swarb v. Lennox*, 314 F.Supp. 1091 (E.D.Pa.1971).

■ We may consider, however, whether the state must provide the debtor with an opportunity to challenge the validity of his waiver of the right to notice and hearing. In considering the necessity of providing such an opportunity, we must apply a presumption against the waiver of constitutional rights. *See Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *Johnson v. Zerbst, supra.* In order to give this presumption meaning, the state must go beyond the face of the cognovit clause and inquire into the facts surrounding the execution of the contract containing the clause. *See* Clark & Landers, *Sniadach, Fuentes, and Beyond: The Creditor Meets the Constitution*, 9 U.Va.L.Rev. 355, 375–76 (1973). In *Scott v. Danaher*, 343 F.Supp. 1272 (N.D.Ill.1972), a three judge district court held unconstitutional the Illinois garnishment statute applying to non-wage assets when invoked to satisfy a confessed judgment. The statute violated the due process clause because it did not provide a means for the debtor to challenge the validity of his contractual waiver of the right to notice and hearing.

The Supreme Court's analysis in *Overmyer* demonstrates the importance of this waiver inquiry. Rather than presume the validity of the contractual waiver, the Court demonstrated, by focusing on the business acumen and bargaining power of the parties, that the judgment debtor had intentionally relinquished a known right. But unless the state provides an opportunity to challenge a waiver, an "alleged debtor will be deprived of his due process rights on every occasion when an effective waiver had not occurred upon initial execution of the note." *Osmond v. Spence*, 359 F.Supp. 124, 127 (D.Del.1972). Absent a waiver hearing, the debtor will have no opportunity to take advantage of the door left open by the Supreme Court in *Overmyer.* *See Garner v. Tri-State Development Co.*, 382 F.Supp. 377 (E.D.Mich.1974).[6]

Defendants could argue, however, that even if the state must provide a waiver hearing, it need not do so prior to the entry of the judgment which follows a confirmation proceeding. Relying on prejudgment attachment cases such as *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), *Mitchell v. W. T. Grant Co.*, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974), and *North Georgia Finishing, Inc. v. Di-Chem Inc.*, 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1978), defendants have argued that postjudgment remedies are sufficient here.[7] *Fuentes, Mitchell* and *DiChem* involved statutory schemes pursuant to which the state allowed the seizure of property prior to judgment. Several requirements for a permissible statutory scheme emerged from the three Supreme Court opinions. Among these were the requirements that the creditor make some showing of entitlement to the property to be seized, that a judge rather than a clerk pass on the sufficiency of the showing, and that the debtor be afforded a prompt post seizure hearing. *See DiChem, supra* at 606–07, 95 S.Ct. at 722. Defendants here argue that the requirements for garnishment following a judgment, albeit a confessed one, cannot be more rigorous than in the Supreme Court cases involving prejudgment remedies.

---

6. The state may have had in mind the questionable nature of the waiver when it included the provision requiring a confirmation proceeding in the garnishment statute. Because the confirmation hearing is a trial de novo, this proceeding would clearly satisfy the hearing requirement under the due process clause. *See Cutler Hammer Employees Credit Union v. Bess*, 6 Ill.App.3d 956, 286 N.E.2d 83 (1972).

7. Defendants have not considered the need for a waiver hearing. They do, however, seem to assume that plaintiffs are entitled to, and indeed receive, some notice and procedural safeguards prior to or following garnishment, and that these rights derive from the Supreme Court prejudgment attachment cases. Therefore, the specific argument we have hypothesized with respect to the timing of a waiver hearing would be encompassed within the general argument defendants have made as to the process due to plaintiffs.

■ Defendants then argue that the Illinois statutory scheme provides sufficient protections to the cognovit debtor in a garnishment proceeding under the requirements of the Supreme Court cases. A cognovit debtor may appear and challenge the validity of an underlying judgment at the wage deduction hearing held pursuant to Ill.Rev.Stat., ch. 62, § 80. *See Felton v. Shead*, 6 Ill.App.3d 123, 285 N.E.2d 162 (1st Dist. 1972). The garnishee is under a duty to inquire into the validity of the judgment and may challenge the validity at the garnishment hearing. *O'Toole v. Helio Products*, 17 Ill.App.2d 82, 149 N.E.2d 795 (1st Dist. 1978). Furthermore, the debtor may have a civil cause of action against the garnishor for abuse of the garnishment process. *See* Ill.Rev.Stat., ch. 62, § 87. Finally, after garnishment the debtor may contest the garnishment order or the underlying judgment under section 72 of the Civil Practice Act. Ill.Rev.Stat., ch. 110, § 72. A cognovit debtor may also attack the confessed judgment under Ill.Rev.Stat., ch. 110A, § 276. Thus defendants argue that these various remedies are sufficient to protect plaintiffs' due process rights in the context of the requirements established by the Supreme Court prejudgment attachment cases.

We agree that the opportunity to challenge the waiver need not precede entry of judgment and that postjudgment remedies may be adequate. In *Scott v. Danaher, supra*, the court focused on the lack of notice at two stages of the proceeding, when the judgment by confession is entered and when the non-wage assets are garnished. The court indicated that notice need not be given at both stages, reasoning that a garnishment statute invoked to satisfy a judgment obtained after notice and hearing but which does not provide notice to the debtor prior to garnishment satisfies the due process clause because the debtor has constructively received notice and hear-

ing of the execution of judgment in the proceeding underlying the judgment. *See Endicott Johnson Corp. v. Encyclopedia Press, Inc.*, 266 U.S. 285, 45 S.Ct. 61, 69 L.Ed. 288 (1924). *See also Zimek v. Illinois Nat'l Casualty Co.*, 370 Ill. 572, 19 N.E.2d 620 (1939). Absent such notice in the underlying proceeding, however, the court held that the debtor is entitled to notice prior to garnishment or an opportunity to challenge the original waiver of notice. Thus the state may avoid due process problems by affording postjudgment remedies. In *Overmyer*, the Supreme Court recognized the importance of such postjudgment remedies by noting that Overmyer was not left defenseless by the entry of a confessed judgment.[8]

■ Such postjudgment remedies are not sufficient, however, if the debtor cannot challenge the cognovit clause prior to the deprivation of his property through execution of the confessed judgment. *See* Clark & Landers, *Sniadach, Fuentes and Beyond, supra* at 376. The defendant must have notice and hearing or an opportunity to challenge the waiver prior to the garnishment. *See Chittester v. LC–DC–F Employees of G. E. Federal Credit Union*, 384 F.Supp. 475 (W.D.Pa.1974); *Scott v. Danaher, supra. Fuentes, Mitchell* and *DiChem* do not weaken this conclusion. Those cases involve prejudgment seizures intended to be of a temporary nature. Moreover, the statutory schemes in those cases clearly contemplated notice and hearing prior to permanent deprivation of property. In contrast, the instant case involves a deprivation intended to be permanent and of which, according to plaintiffs, the debtor never receives notice.

■ We need not engage in an extended analysis distinguishing these cases, however, because the instant case, involving wage garnishment, is excluded from the reach of permissible prejudgment attach-

8. Justice Douglas, concurring in *Overmyer*, noted that a judgment debtor could easily make a showing sufficient to reopen the confessed judgment under Ohio law. 405 U.S. at 189–90, 92 S.Ct. at 784 (Douglas, J. concurring). The

Ohio law in effect when the Court decided *Overmyer* required notice to the debtor immediately upon entry of the confessed judgment. *See* Ohio Rev.Code § 2323.13(c).

ments without notice and hearing. In *Sniadach v. Family Finance Corp., supra,* the Supreme Court established the requirement that debtors be provided with notice and hearing prior to prejudgment garnishment. The Court noted that garnishment of wages imposes a "tremendous hardship on wage earners with families to support." 395 U.S. at 340, 89 S.Ct. at 1822. The Court focused on the leverage of the creditor on the wage earner, the inadequate percentage of wages generally exempt from garnishment, and the collection costs typically imposed on the debtor to conclude that prejudgment garnishment "may as a practical matter drive a wage earning family to the wall." *Id.* at 341–42, 89 S.Ct. at 1822. In light of the substantial taking, the Court held that absent notice and hearing prior to garnishment, prejudgment garnishment violates the due process clause. Thus to the extent that the prejudgment attachment cases are relevant to the issue of what notice is required prior to execution of confessed judgment, *Sniadach* renders those cases irrelevant here. We hold that cognovit debtors are entitled to notice and an opportunity to challenge the waiver of notice and hearing prior to garnishment of their wages.

Thus the opportunity to reopen the judgment after garnishment under Section 72 or Rule 276 comes too late. Moreover, regardless of the nature of the challenge to the judgment that the debtor may make at the garnishment hearing, the debtor receives no notice of that hearing. Therefore the only remaining hope for the statutory scheme is the notice provided prior to the § 82 confirmation hearing. If this notice is constitutionally inadequate, the Illinois statutory scheme violates the due process clause.

The notice provision of the challenged statute requires one attempt at personal service, after which the summons may be served on the debtor's employer, who is under no obligation to notify the debtor. Moreover, a copy of the complaint underlying the judgment need not accompany the summons.

Plaintiffs have noted the practical problems arising from service on a debtor's employer. The likelihood that an employer will not notify the employee of the action is increased by virtue of the great size and corporate complexity of many employers. One class member, for example, works in Elk Grove Village, Illinois. The alias summons was served on the employer's registered agent, as permitted by the statute, in Chicago. The agent, following its usual procedure, forwarded the summons to the corporation's main office in Stamford, Connecticut. The debtor never received notice, nor was notice ever sent to the employer's office in Elk Grove Village. *See* affidavit of Mark Holbert. Defendants have been content to argue that plaintiffs are not entitled to notice and thus have not asserted the adequacy of the notice actually provided.[9]

■ Due process requires notice reasonably calculated to apprise the defendant of the action against him. *Mullane v. Hanover Bank & Trust Co., supra.* The *Mullane* Court noted that "the means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Id.* 339 U.S. at 315, 70 S.Ct. at 657. If conditions do not permit that kind of notice, the form used should not be substantially less likely to inform the defendant than any other feasible alternative. *Id.* at 315, 70 S.Ct. at 657.

In *Hess v. Pawloski,* 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091 (1927), the Supreme Court upheld the constitutionality of a Massachusetts statute which permitted service of a nonresident motorist, in an action arising from an accident in Massachusetts, on the Secretary of State. The statute required the Secretary of State to send a copy of the service to the defendant by registered mail. The Court sustained the statute's presumption that by using Massachusetts highways, the motorist impliedly authorized service on the Secretary of State

---

9. Defendants' only reference to the adequacy of notice is the assertion that a summons served on the wrong employer is void and unenforcea-

ble. *See* Defendants' Memorandum in Support of Their Motion for Summary Judgment at 11.

as the nonresident motorist's agent. A year later, in *Wuchter v. Pizzuti*, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446 (1928), the Court struck down a similar statute that did not require the state agent or the plaintiff to inform the defendant of the action. The Court noted that such a requirement had been one of the linchpins of its decision in *Hess*. *Id.* at 19, 48 S.Ct. at 260.

 Given the problems inherent in serving notice intended for an employee on an employer who may have hundreds or even thousands of employees, we do not believe that the notice provided here is adequate. The means of service most likely to reach the debtor would be personal service, but the statute permits abandonment of that form of service after one attempt. Moreover, the debtor has no assurance that the employer, the recipient of the secondary form of notice, will inform its employee of the action. Clearly, an employer is more likely to inform its employee of an action than is a secretary of state to inform a resident of another state. But in the nonresident motorist cases, the defendant has impliedly consented to service on the secretary of state. The debtor here has made no such implied consent. Moreover, personal service was not possible, as a constitutional matter, in the nonresident motorist cases. No constitutional bar exists here, however. We cannot see any practical problems preventing either continued efforts at personal service or a requirement that the employer notify the employee of the action.[10] Therefore we hold that plaintiffs are entitled to a declaratory judgment to the effect that the notice provided by Ill.Rev.Stat., ch. 62, § 82 is constitutionally insufficient.

Defendants' motion for summary judgment is denied. Plaintiffs' cross motion for summary judgment is granted. A draft declaratory judgment will enter in accord with the views herein expressed when submitted by plaintiffs with notice to defendants.

10. We also cannot conceive of any practical problems precluding attaching a copy of the complaint with the summons. Nor can we see how the defendant can be adequately apprised of the action against him without the complaint.